RICHARD PERKINS v. THE STATE.

No. 3287. Decided October 28, 1914.

Rehearing denied November 25, 1914.

**1.—Murder—Continuance—Want of Diligence.**

Where defendant's application for continuance showed a want of diligence in procuring the absent witness, there was no error in overruling his motion. Following Mitchell v. State, 36 Texas Crim. Rep., 278, and other cases.

**2.—Same—Evidence—Subpoena.**

Upon trial of murder, there was no error in sustaining an objection to an offer in evidence of the subpoena for the absent witness, in order to show diligence.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction, under a proper charge of the court, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at ten years confinement in the penitentiary.

There are but two questions raised necessary to decide. Appellant made a motion for continuance on account of the absence of the witness Dan Sasser, whom he alleges is a resident of said Harris County, but at the time he made his application was "temporarily out of the city," and is expected to return before the next term of this court. The offense is alleged to have been committed February 9, 1914. He was arrested

before he was indicted. The indictment was returned March 6, 1914. He had no subpoena issued for said. witness until May 7, 1914, which he says was returned by the sheriff on May 28, 1914, not executed as to said witness. The trial occurred, and he made his motion to continue on June 4th following, seven days after the process was returned unexecuted. He had no other process issued for the witness, and certainly seven days was ample time to have secured his attendance, even if he was temporarily out of the city, if appellant had used any diligence whatever to have secured him. Appellant used no diligence to procure the attendance of his witness, and the court did not err in overruling his motion, nor in refusing a new trial because thereof. C. C. P., art. 608, subdivision 6; Mitchell v. State, 36 Texas Crim. Rep., 278 and 307; Buie v. State, 1 Texas Crim. App., 452; Barrett v. State, 18 Texas Crim. App., 64; Walker v. State, 13 Texas Crim. App., 618; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317 et seq., and cases there cited.

Appellant, in another bill, after reciting the style and number of the cause, the court and be it remembered, etc., says: "That on the trial his counsel offered in evidence the subpoena for the absent witness, Dan Sasser, for the purpose of showing that he had tried to get the witness Sasser into court, to which the State objected, and the court sustained the objection. That said proceeding would have shown that it was issued on May 17, 1914." This is, in substance, the full text of the bill. It shows no error.

It is unnecessary to recite the evidence. It is clearly sufficient and ample to sustain the verdict of the jury. The court gave a full and complete charge submitting every issue in appellant's favor in the most favorable light for him. There was no complaint before the trial to the charge of the court in any particular. There is nothing else raised that is necessary to state or discuss.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 25, 1914.—Reporter.]